**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILLIAM MORRIS HICKS, JR., AND**
**MOTHER WYLENE,**

        **Plaintiffs,**

-vs-                                             **Case No.  6:05-cv-1646-Orl-18KRS**

**USDA RURAL DEVELOPMENT,**

        **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

On November 3, 2005, William Morris Hicks, Jr., and "Mother Wylene," appearing *pro se*, filed a complaint against USDA Rural Development (USDA), doc. no. 1, along with a motion for leave to proceed *in forma pauperis*, doc. no. 2.[1] Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether the plaintiffs' complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See, e.g., Hamaas v. State of Florida*, No. 305CV771J99HTS, 2005 WL 2063787, at *1 (M.D. Fla. Aug. 22, 2005) (noting that "28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding *in forma pauperis*.").

---

[1] I note that "Mother Wylene" did not submit an application to proceed without prepayment of fees in this matter.  In addition, Hicks' application to proceed without prepayment of fees is incomplete and deficient in many respects.  *See* Doc. No. 2.

**I.      STANDARD OF REVIEW.**

The United States Court of Appeals for the Eleventh Circuit applies the same standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6) to dismissals for failure to state a claim on which relief may be granted under section 1915(e)(2)(B). Under this standard, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *United States v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (quoting Fed. R. Civ. P. (8)(a)).

In addition, it is well established that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, it is not the Court's duty to re-write a plaintiff's complaint so as to bring it into compliance with the Federal Rules of Civil Procedure. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993); *see also Olsen v. Lane*, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[*P*]*ro se* litigant[s] must still meet minimal pleading standards.").

**II.     ANALYSIS.**

The plaintiffs' complaint is difficult to comprehend. It appears to arise from a foreclosure of property by the USDA. The plaintiffs allege that the USDA violated "'Truth' in Lending laws both state and federal, the U.S. 'Supreme law Constitution,' and 'Banking Regulation Z[.]'" Doc. No. 1 at 1.

It is impossible to determine from the document who purport to be the plaintiffs in the case. While the document begins "COMES NOW William Hicks," it is signed "Wylene Harris Morris & Mother Mrs. Wylene Harris." An individual who is not an attorney cannot represent other individuals in a civil lawsuit. *Cf. Devine v. Indian River County Sch. Bd.*, 121 F.3d 576 (11th Cir. 1997)(parents who were not attorneys were not permitted to represent their child in civil lawsuit).

It is also not clear what provision of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 *et seq.,* the plaintiffs contend that the USDA violated. Assuming that the reference to "Supreme law Constitution" refers to the United States Constitution, it is equally unclear what constitutional provision the plaintiffs contend was violated.

Accordingly, I recommend that the Court dismiss the complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e), and deny the pending motion to proceed *in forma pauperis* as moot. I further recommend that the Court give the plaintiffs leave to file an amended complaint, along with any renewed motions to proceed without prepayment of fees, within (11) eleven days following the Court's order dismissing the complaint.

In amending, only the individuals who have been injured as a result of the actions complained of should be named as plaintiffs. Unless the amended complaint is filed by an attorney for the plaintiffs, each named plaintiff must signed the amended complaint. The plaintiffs should name as defendants only those persons who are responsible for the alleged violations set forth in the amended complaint. Further, the plaintiffs shall state each ground for relief with sufficient particularity so that the Court and the defendant(s) will be able to ascertain the bases for their grievances. A mere statement that unspecified provision of the United States Constitution, "truth and lending laws,"

and/or "banking regulations" were violated is insufficient to state a cognizable claim within the jurisdiction of this Court.

Most importantly, if the plaintiffs intend to allege a number of related claims, they must set forth each claim in a separate paragraph in the same complaint. However, if the claims are not related to the same basic issue or incident, then each claim must be addressed in a separate complaint.

**III. RECOMMENDATION.**

Based on the foregoing analysis, I respectfully recommend that the complaint be dismissed, without prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e) and that the pending motion (doc. no. 2) be denied as moot. I further recommend that the Court permit the plaintiffs to file an amended complaint within (11) eleven days after its ruling on this Report and Recommendation, along with any renewed motions to proceed without prepayment of fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 7, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy